HOUSTON PACKING CO., DEMANDANTE Y APELADA, *v.* PAGÁN LÓPEZ & CO., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso sobre cobro de una suma de dinero.

No. 1018.—Resuelto en abril 8, 1914.

CORPORACIONES EXTRANJERAS — CAPACIDAD PARA DEMANDAR — DEFENSAS ESPECIALES.—Cuando la parte demandante es una corporación extranjera y no se alega en la demanda si ha cumplido o nó con los preceptos de las leyes de Puerto Rico que rigen para dichas corporaciones, si la parte demandada desea impugnar la capacidad para demandar de la corporación demandante por falta de cumplimiento de dichas leyes, debe alegarlo especialmente como cuestión de hecho en la contestación a la demanda y si no lo hiciere se considerará renunciada dicha defensa.

ID.—CAPACIDAD PARA DEMANDAR—NEGACIÓN GENERAL DE LOS HECHOS DE LA DEMANDA.—Cuando en la demanda solo se alega que la demandante es una corporación constituída bajo las leyes del Estado de Texas, con domicilio en la ciudad de Houston del mismo Estado, la negación general de los hechos alegados en la demanda no es suficiente para plantear la cuestión de la capacidad de dicha corporación para demandar ni tampoco le obliga a presentar prueba de su constitución y existencia.

ID.—CAPACIDAD PARA DEMANDAR—FALTA DE CAUSA DE ACCIÓN.—La defensa de falta de capacidad para demandar debe alegarse por medio de la excepción de falta de capacidad y no de falta de causa de acción.

ID.—ESTOPPEL—EXISTENCIA DE UNA CORPORACIÓN.—El que contrata con una corporación está impedido de negar su existencia en una acción derivada del contrato.

DEMANDA ENMENDADA—SÚPLICA DE LA DEMANDA—FALTA DE CAUSA DE ACCIÓN.—Ni el hecho de haberse enmendado la demanda en una alegación separada de ella sin redactar una nueva demanda con la enmienda, ni el que su súplica no diga que la sentencia se solicita a favor de la demandante, son motivos para sostener que la demanda no aduce hechos suficientes para determinar una causa de acción.

PRUEBAS—FIRMA DE UNA CARTA—PERITOS.—No es error el permitir que un testigo reconozca la firma de una carta suscrita por otra persona sin necesidad de acreditar que era perito, cuando el testigo conoce la letra del firmante.

Los hechos están expresados en la opinión.

Abogado de la apelada: *Sr. José G. Torres.*

Abogados de la apelante: *Sres. Pascasio Fajardo y E. Ramírez Nadal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La demanda en este caso alega que la demandante es una corporación constituída bajo las leyes del Estado de Texas, con domicilio en la ciudad de Houston del mismo Estado y que los demandados constituyen una sociedad mercantil con residencia en Mayagüez, Puerto Rico; que los demandantes vendieron a los demandados mercaderías por valor de $788.88 que debían ser pagados de contado a su recibo, las que fueron embarcadas debidamente en 23 de septiembre de 1911 y recibidas de conformidad por los demandados, quienes no las han pagado en todo ni en parte dicha cantidad ni a ninguna otra persona en su nombre, a pesar de las gestiones que se han hecho para su cobro. Termina la demanda con la súplica de que se condene a los demandados al pago de tal cantidad, intereses legales y costas.

Esa alegación fué excepcionada por el fundamento de que no aduce hechos que determinasen una causa de acción y habiendo sido declarada sin lugar por el tribunal inferior, se presentó entonces una contestación negando general y específicamente todos y cada uno de los hechos de la demanda, después de lo cual se celebró el juicio y el Tribunal de Distrito de Mayagüez dictó sentencia condenando a la sociedad demandada al pago de los $788.88 reclamados, de los intereses legales desde la interposición de la demanda y al de las costas, desembolsos y honorarios del abogado de la demandante, contra cuyo fallo se ha interpuesto el presente recurso de apelación por la parte contra quien se dictó.

El motivo principal en que la sociedad apelante descansa

para que revoquemos la sentencia apelada es que, habiendo negado específicamente todos los hechos de la demanda, tenía la demandante que probar no sólo que es una corporación organizada según las leyes del Estado de Texas sino también su capacidad para comparecer ante los tribunales de esta isla por haber cumplido los requisitos que nuestras leyes exigen a las corporaciones privadas de fuera del país, sin cuya prueba no debió permitir el tribunal inferior que se presentara evidencia del contrato cuyo pago se reclama y debió sostener la moción de desistimiento (*non suit*) que presentó la demandada.

A la demandante le bastaba alegar, como alegó, que era una corporación privada y como la demanda no contiene alegación alguna de la cual resulte que no ha cumplido con determinados requisitos que le impidan acudir a los tribunales de esta Isla a ejercitar la presente acción, no puede sostenerse que de ella aparezca que carece de causa de acción; mas si tal hecho se hubiera consignado, no sería la procedente esa excepción sino la de que la demandante no tiene capacidad legal para demandar, que es la segunda del artículo 105 del Código de Enjuiciamiento Civil. Cuando la demanda no contiene alegación sobre ese particular y la demandante ha dejado de cumplir preceptos de nuestra ley local que le impiden demandar, entonces tal falta de cumplimiento con la ley tiene que ser alegada especialmente en la contestación y no haciéndose así se considerará abandonada. *South Yuba Water Co.* v. *Rosa,* 80 Cal., 336. No estaba por consiguiente obligada la demandante a probar el cumplimiento de tales requisitos ni aun siquiera que es una corporación organizada con arreglo al Estado de Texas porque la contestación no planteó esa cuestión, ya que una negación general de los hechos de la demanda hace referencia solamente a los concernientes al contrato alegado y para que la demandante tenga que probar su constitución como corporación, no es suficiente una negación general si la contestación no niega especialmente la existencia de tal corporación. *California*

*Steam Navigation Co.* v. *Wright,* 8 Cal., 591. *Park Bank* v. *Tilton,* 15 Abb. Pr., 384. *Bank of Havana* v. *Wickham,* 7 *id.,* 134. Una negación de la existencia de una corporación no suscita la cuestión con respecto a su constitución. *Southern Pacific Railroad Co.* v. *John D. Pursel,* 77 Cal., 69. Además quien contrata con una corporación está impedido de negar su existencia en una acción derivada del contrato. 10 Cyc., 1345 (*b*) y citas de la nota 44.

Las otras cuestiones planteadas por la apelante son secundarias y, ni el haber enmendado la demanda en una alegación separada de ella sin redactar una nueva demanda con la enmienda, ni el que su súplica no diga que la sentencia se solicita a favor de la demandante, son motivos para sostener que carece de hechos que determinen una causa de acción ni que es ambigua.

En cuanto a la admisión como evidencia de ciertas cartas que contenían proposiciones de transacción, como no fueron presentadas con el objeto de que de tales ofertas se dedujera la existencia de la deuda sino en cuanto el reconocimiento expreso que de la misma se hace en ellas, no puede sostenerse que el tribunal cometiera error al permitir su presentación, con mayor motivo cuanto que independientemente de esas cartas se probó la deuda reclamada. Tampoco fué error el permitir que un testigo reconociera la firma de una carta suscrita por otra persona, pues conociendo él tal letra podía declarar sobre ese particular sin necesidad de acreditar que era perito. *El Pueblo* v. *Martí,* resuelto por nosotros en enero 19 de este año. Y tampoco existió error al admitir un conocimiento de embarque de mercancías de los demandantes para los demandados por el hecho de que tiene fecha 2 de octubre de 1911 cuando la demanda alega que las que motivan la reclamación fueron embarcadas en 23 de septiembre de ese año, pues se demostró que se refiere a las mismas mercancías y que el conocimiento tiene la fecha del embarque en el puerto de Galveston y habían salido de Houston el 23 de septiembre.

No vemos motivos para revocar la sentencia apelada, la que debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.