## THE AMERICAN COLONIAL BANK, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas denegando la anotación de un contrato de préstamo refaccionario.

No. 439.—Resuelto en enero 22, 1920.

TÉRMINO PARA INTERPONER EL RECURSO GUBERNATIVO — INTERRUPCIÓN DEL TÉRMINO.—Cuando presentado un documento en el registro se deniega la anotación o inscripción solicitada, la presentación del mismo documento acompa-

ñado de otros que tienden a subsanar los defectos apuntados, hecha dentro del término de veinte días que concede la ley para recurrir de la resolución del registrador, surte el efecto de interrumpir dicho término, el cual, en el caso de que el registrador ratifique su calificación anterior por medio de nueva nota, se seguirá contando a partir de la notificación de ésta.

BIENES GANANCIALES—OBLIGACIONES PERSONALES CONTRAÍDAS POR EL ESPOSO—CONSENTIMIENTO EXPRESO DE LA ESPOSA.—Las obligaciones que personalmente contraiga el marido no constituyen gravamen alguno sobre los bienes de la sociedad de ganancials, por lo que no es necesario el consentimiento expreso de la esposa para que el marido pueda contraerlas.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Rafael Arce.*

El registrador recurrido, Sr. Pedro Gómez Lasserre, no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública de 24 de julio de 1919 la corporación The American Colonial Bank of Porto Rico y la sociedad civil Ramírez y González, constituída por sus socios Cándido Ramírez Muñoz y Ramón González Nieves, el primero casado con María Morell Santana y el segundo de estado viudo, celebraron un contrato en virtud del cual el Banco se obligó a abrir a dicha sociedad un crédito refaccionario por la suma de $3,500, a cuyo pago afectaba la sociedad en favor del Banco una plantación de caña de azúcar de cien cuerdas, levantada en una finca rústica de mayor cabida denominada "San José", con superficie de ciento cincuenta cuerdas o sesenta y un hectáreas, diecinueve áreas y sesenta y ocho centiáreas de terreno, situada en el barrio Quebrada de San Lorenzo, que la sociedad Ramírez & González poseía en concepto de arrendamiento por término de cinco años en virtud de contrato concertado con los cónyuges Sebastián Aponte y Carmen López a contar desde el 1º. de agosto de 1916, por escritura pública de 24 de julio del mismo año.

Presentada la escritura de préstamo refaccionario al Re gistrador de la Propiedad de Caguas para su anotación en el Registro de Contratos Agrícolas, el registrador denegó

la anotación por medio de nota, fecha 12 de septiembre de 1919, que dice así:

"Denegada la anotación del documento que precede que es la escritura No. 101 otorgada en Caguas el 24 de julio de 1919 ante el Notario Rafael Arce Rollet y extendida en su lugar anotación preventiva durante 120 días a favor de la sociedad civil Ramírez y González, por las razones siguientes: 1ª. Porque no se ha justificado el carácter de arrendataria ni la extensión del derecho de arrendamiento que ostenta y tiene la mencionada sociedad sobre la finca que es objeto del contrato de refacción, requisito necesario para la calificación del mencionado título y su anotación en el registro. Y si bien se presentó con tal fin la escritura No. 142 otorgada en igual ciudad y ante el mismo notario el 24 de julio de 1916, dicha escritura es nula por no dar fe el notario autorizante de todo el contenido de la misma concretándose a darla del conocimiento y circunstancias personales de los otorgantes, falta que hace que las firmas de éstos y la de los testigos que figuran al pie de dicho instrumento, están como si no hubieran sido puestas y carecen de eficacia alguna legal, de lo que resulta la nulidad de aquél. 24 D. P. R. 891. Sec. 17 y 20 de la Ley Notarial. 2ª. Porque apareciendo de la cláusula 7ª. del ameritado documento que los Sres. Ramírez Muñoz y González Nieves se constituyen mancomunada y solidariamente, y a título de garantía colateral, en deudores del citado banco prestamista, para que éste pueda hacer efectivo sus derechos por el montante de los 3,500 dólares del préstamo y sus intereses, contra los bienes de dichos señores o contra los de cualquiera de ellos singularmente, tal garantía obliga a título oneroso los bienes gananciales que tenga o pueda tener la sociedad conyugal de dicho Ramírez Muñoz con su esposa María Morell Santana sin el consentimiento expreso de ésta, ya que el mismo no consta del título que se anota, por lo cual dicho convenio es nulo de acuerdo con la ley. Artículos 159 y 1328 del Código Civil."

A continuación extendió el registrador en la misma fecha la siguiente nota adicional:

"Se hace constar, que la anotación a que se refiere la precedente nota, se practica con el defecto subsanable de aparecer equivocada en dicho documento la equivalencia de la cabida de la finca al sistema métrico decimal, pues hecha la reducción en este registro resultó ser de 58 hectáreas, 95 áreas y 58 centiáreas."

Ambas notas, la principal y la adicional, fueron notificadas al presentante del documento en *18 de septiembre de 1919;* y el Banco, cinco días después, o sea en *23 de septiembre,* volvió a presentar al registro la misma escritura de refacción agrícola de 24 de julio de 1919 con dos documentos más, a saber, testimonio de la escritura de arrendamiento celebrada en 24 de julio de 1916 por Sebastián Aponte y su esposa con Ramón González Nieves y Cándido Ramírez Muñoz, y testimonio de la escritura de sociedad constituída por González Nieves y Ramírez Muñoz bajo la denominación de Ramírez y González, cuyos documentos fueron acompañados a un escrito en que el banco solicitaba del registrador que practicara las siguientes operaciones en el registro:

"I. Rectificar previamente el error en que ha incurrido al consignar en la nota denegatoria de anotación del contrato de préstamo refaccionario reseñado bajo la letra (*c*) 'que ha extendido en su lugar anotación preventiva durante 120 días a favor de la sociedad civil Ramírez y González' puesto que esa anotación debe tomarse a favor del banco acreedor para surtir sus efectos legales a cargo de la sociedad civil prestataria.

"II. Convertir en anotación definitiva la preventiva que ha tomado con referencia al aludido contrato de préstamo refaccionario, actuando así por mérito de la escritura de constitución de sociedad civil, indicada con la letra (*b*), y que se somete a su consideración; ya que ese documento subsana satisfactoriamente la falta que Ud. señala en el título (contrato de préstamo) de no haberse justificado el carácter de arrendataria ni la extensión del derecho de arrendamiento que ostenta y tiene la mencionada sociedad sobre la finca que es objeto del contrato de refacción."

El registrador denegó las pretensiones del banco por nota de 8 de octubre de 1919 notificada a la parte en la misma fecha, cuya nota reza así:

"No practicada la conversión de la anotación preventiva a que se refiere la nota que precede, y que se solicita a virtud de la escritura No. 192 de 2 de octubre de 1916 ante el Notario Rafael Arce Rollet, y de un escrito de éste como abogado del banco interesado,

porque por dicha escritura sólo queda subsanado el primer defecto que en dicha nota se consignó, quedando subsistente el segundo defecto en la misma relacionado respecto al cual ningún nuevo documento se aporta, limitándose el referido abogado a expresar en dicho escrito nuevas opiniones y argumentos que no bastan para modificar la mencionada nota denegatoria en el segundo defecto aludido; y no se ha extendido anotación preventiva porque éstas no son reiterables. Asimismo se hace constar que por nota al margen de la susodicha anotación se expresó que ésta se tomaba también a favor del American Colonial Bank of Porto Rico durante el término legal.''

El banco, diez días después, o sea en 18 de octubre de 1919 radicó en este tribunal alegato escrito en unión de todos los documentos antes presentados en el registro de la propiedad, con súplica de que se revoque la nota del Registrador de la Propiedad de Caguas de 8 de octubre y se ordene la anotación del préstamo refaccionario en el registro sin defecto alguno.

El registrador radicó escrito en 28 de octubre en que solicita que se desestime el recurso por haber sido consentida la primera nota de 12 de septiembre de 1919, en atención a no haberse subsanado el segundo defecto que impidió la anotación.

Examinemos ante todo como cuestión previa si procede la desestimación del recurso según pretende el registrador recurrido.

La nota de 12 de septiembre de 1919 no ha sido consentida por The American Colonial Bank of Porto Rico en ninguno de sus fundamentos, pues la notificación de ella se hizo en 18 de septiembre y cinco días después, o sea en 23 de septiembre, el banco, cuando aun podía recurrir contra ella, pidió se convirtiera la anotación preventiva en definitiva interrumpiéndose así el término de veinte días que para apelar otorga la Sección 1ª. de la Ley de 1º. de marzo de 1902 sobre recursos contra las resoluciones de los registradores de la propiedad.

El Registrador de Caguas pudo acceder o no a la peti-

ción del banco y en el primer caso hubiera holgado el recurso. Pero como denegó tal pretensión por nota de 8 de octubre de 1919 notificada en su fecha, se reanudó en ese mismo día el término para la interposición del recurso que como hemos dicho había sido interrumpido en 23 de septiembre.

Tenemos pues que habían transcurrido cinco días desde la notificación de la nota de 12 de septiembre de 1919 hecha en *18 de septiembre,* hasta que se pidió en 23 de septiembre la conversión de la anotación preventiva en definitiva, y diez días más desde que en 8 de octubre de 1919 fué notificada la nota de la misma fecha, denegatoria de dicha conversión, hasta la formalización del recurso en 18 de octubre, total quince días, cuyo tiempo es inferior al de veinte días que la ley señala para que hubiera quedado consentida la nota de 12 de septiembre de 1919.

Esta corte, pues, tiene jurisdicción para considerar en su fondo la nota de 12 de septiembre de 1919.

Y no cabe invocar en contrario la jurisprudencia de esta Corte Suprema en anteriores decisiones y sostenida en el caso de Behn contra El Registrador de la Propiedad, 21 D. P. R. 513, de que cuando se presenta al registro de la propiedad un documento para la inscripción y es denegada sin que la parte recurra contra dicha nota dentro del término legal se entiende que la consiente, pero si dicha parte presenta de nuevo el documento acompañado de otros que a su juicio subsanan los defectos señalados por el registrador y éste insiste en su negativa, la parte interesada podrá recurrir para ante esta Corte Suprema, limitándose el recurso a discutir si los defectos señalados en la primera nota consentida fueron o no debidamente subsanados.

En el caso *supra,* había sido consentida la nota del registrador cuando el documento fué nuevamente presentado para su inscripción en el registro y esa circunstancia no concurre en el presente caso en que aun no había vencido el término

señalado por la ley para la interposición del recurso cuando se pidió la conversión de la anotación preventiva en definitiva.

Examinemos el recurso en su fondo, o sea, si la nota de 12 de septiembre de 1919 se sostiene por el segundo de sus motivos ya que el registrador en la nota de 8 de octubre reconoce que el defecto que impidió la anotación del contrato de crédito refaccionario fué subsanado y sólo quedó subsistente el segundo defecto, haciendo constar además que la anotación preventiva se tomó también a favor de The American Colonial Bank of Porto Rico.

La cláusula 7ª. de la escritura de refacción a que se refiere el registrador en su nota de 12 de septiembre de 1919, textualmente dice así:

"*Séptima.*—Los comparecientes don Cándido Ramírez Muñoz y don Ramón González Nieves, particularmente se constituyen ahora, mancomunada y solidariamente, y a título de una garantía colateral, en deudores del American Colonial Bank of Porto Rico, por el montante de los TRES MIL QUINIENTOS DOLLARS de este préstamo y de todos los intereses que se devenguen sobre el mismo, hasta su completo reintegro al banco acreedor, al tipo del nueve por ciento anual; al efecto de que si por cualquier circunstancia, en caso de incumplimiento de este contrato, no conviniere al referido banco deducir reclamación judicial en cobro de su crédito contra la Sociedad 'Ramírez y González,' pueda hacer efectivos sus derechos directamente contra los bienes de los indicados don Cándido Ramírez Muñoz y don Ramón González Nieves, o contra los de cualquiera de ellos singularmente, por todo el importe del préstamo y sus intereses o por la parte del mismo que no hubiere satisfecho la sociedad prestataria."

Semejante cláusula, como demuestra su texto, no entraña gravamen alguno sobre los bienes que puedan pertenecer a la sociedad de gananciales de los consortes Cándido Ramírez Muñoz y María Morell Santana. El registrador infringió claramente por aplicación indebida los artículos 159 y 1328 del Código Civil.

La equivocación que pueda haberse cometido al verificar

la reducción al sistema métrico decimal de las cuerdas de terreno de la finca principal ya anteriormente inscrita en el registro, de que forman parte las plantaciones de caña, nada tiene que ver con la cabida de dichas plantaciones.

Es de revocarse la nota del Registrador de la Propiedad de Caguas de 8 de octubre de 1919 en la parte en que ha sido recurrida, y ordenarse la anotación de la escritura de crédito refaccionario de 24 de julio de 1919, sin defecto alguno.

*Revocada la nota recurrida y ordenada la anotación solicitada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Asociado Sr. Wolf firmó conforme con la sentencia y con la parte de la opinión que sostiene la no existencia de los defectos apuntados por el registrador.