M. Rodríguez y Cía., S. en C., demandante y apelada, *v.* Hijos de J. F. de Mari, demandados y apelantes. Florencio Ortiz, interventor y apelante.

No. 3594.—*Visto:* Junio 25, 1925.    *Resuelto:* Junio 9, 1926.

1. Cesiones *(Assignments)*—Acciones—Demanda—Omisión de Alegar Notificación de Acción y Efecto.—La omisión de alegar la notificación formal de la cesión de unos créditos mercantiles no endosables ni al portador no es fatal para la demanda entablada por el cesionario para su cobro.

2. Cesiones *(Assignments)*—Requisitos y Validez—Modo y Suficiencia de la Cesión—Notificación de la Cesión—En General.—La notificación de la cesión que requiere el artículo 347 del Código de Comercio respecto a los créditos mercantiles no endosables ni al portador no tiene otro alcance que el de proteger al deudor contra un doble pago.

3. Cesiones *(Assignments)*—Acciones—De la Evidencia—Prueba de la Notificación de la Cesión.—No siendo fatal a una demanda en cobro de unos créditos mercantiles no endosables ni al portador, el que se omita alegar la notificación formal de la cesión hecha de dichos créditos al demandante, no es necesario probar que la demandada fuera notificada de las cesiones.

4. Cesiones *(Assignments)*— Acciones— De la Evidencia — Suficiencia de la Misma—Prueba de la Cesión.—Cedidos unos créditos resultantes de ventas hechas y no pagadas, es suficiente prueba testifical para probar la cesión por los acreedores del derecho al cobro de esos créditos.

5. Apelación y Error—Revisión—Errores no Perjudiciales—Admisión de Prueba Objetada—Prueba Sobre Hechos Establecidos ya por Otra Prueba.—Alegándose como error la admisión de prueba testifical sobre la existencia de una mercantil, y reconocida por el apelante, en el curso del juicio, y a preguntas de su abogado, la existencia de aquella, *se resolvió* no había necesidad de resolver si existía o no dicho error.

6. Cuentas, Acciones Sobre—Exigibilidad de las Cuentas—Partida no Vencida al Presentarse la Acción—Partida Vencida al Presentarse Demanda Enmendada y Efecto.—Ejercitada acción en cobro de unos créditos —cuentas—el hecho de que una partida de una de las cuentas cuyo cobro se ejercita no estuviera vencida cuando se presentó la demanda no afecta al cobro cuando al presentarse demanda enmendada, ya la partida estaba vencida y era exigible.

7. Apelación y Error—Revisión—Su Alcance y Extensión en General—Cuestiones Levantadas, Previamente Resueltas.—Fundado el error de que la sentencia es contraria a la prueba no en la carencia de ésta sino en que no debió admitirse determinada prueba, si considerada ésta previamente la cuestión se resolvió en contra del apelante, procede no considerar el error alegado.

8. Patrono y Empleado—Servicios y Compensación—Sueldo y Otra Remuneración—Acción por Cantidades Debidas por Sueldos—Evidencia—Insuficiencia para Sostener la Acción.—Demandada una mercantil, se permitió a un dependiente intervenir reclamando el pago de cierta cantidad debídale por sueldos como tal dependiente. *Se resolvió:* que no habiendo prueba de la cantidad fija debida por la mercantil al interventor la corte inferior no erró al declarar sin lugar su demanda fundándose en la apreciación de la prueba.

Sentencia de *Gabriel Castejón,* J. (Guayama), declarando con lugar la demanda, con costas, y sin lugar la reclamación del interventor. *Confirmada.*

*M. A. Martínez Dávila,* abogado del demandado apelante; *C. Domínguez Rubio,* abogado del interventor apelante; *E. H. Dottin,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La sociedad demandante cobra en este pleito a la sociedad demandada tres créditos por venta de mercancías, uno

contraído directamente con la demandante y los otros dos con otras dos casas comerciales, las que los cedieron a la demandante.

En el pleito se permitió por la corte inferior que interviniera otra persona quien reclama que la demandada le pague cierta cantidad que le debe por su sueldo como dependiente, alegando que tiene un derecho preferente sobre la demandante para cobrarse de los bienes de la demandada porque la demandada carece de bienes por haberle sido embargados y vendidos los que tenía.

La sentencia final declaró con lugar la demanda y sin lugar la reclamación del interventor por lo que interpusieron esta apelación las partes perjudicadas por ella.

[1, 2] Alega la demandada como primer motivo de su apelación que fué error de la corte el no haber sostenido su excepción previa contra la demanda porque ésta no aduce hechos determinantes de causa de acción en cuanto a los dos créditos cedidos a la demandante porque no expone que esas cesiones fueran notificadas a la demandada, sin cuyo requisito no tiene acción la demandante para cobrarlos, y que tal falta no ha sido suplida con la alegación de que la cesión fué hecha con conocimiento y con el consentimiento de la deudora.

Los créditos pueden cederse y la cesión da acción al cecionario para el cobro por sustitución en los derechos del cedente, sin que la notificación de la cesión que requiere el artículo 347 del Código de Comercio con respecto a los créditos mercantiles no endosables ni al portador, como los aquí reclamados, tenga otro alcance que el de proteger al deudor contra un doble pago, por lo que la omisión de alegar la notificación formal de la cesión no es fatal para la demanda, según declaramos en el caso de *Espinet* contra *Alvarez*, 25 D.P.R. 358.

[3] Sentado lo expuesto cae por su base el segundo motivo del recurso fundado en que la evidencia no demostró que la demandada fuera notificada de las cesiones.

El tercer motivo se funda en que la corte inferior permi tió evidencia testifical para probar las cesiones de los créditos en lugar del documento cedido.

[4] No eran obligaciones constantes en documento las que fueron cedidas en este caso sino créditos resultantes de ventas hechas y no pagadas por lo que era suficiente la prueba testifical para probar que los dos acreedores referidos cedieron a la demandante su derecho a cobrar esas cuentas o créditos, mediante pago de ellas por la demandante.

[5] Se alega como cuarto error el haberse admitido prueba testifical sobre la existencia de una de las mercantiles cedentes en vez de exigirse la presentación de su escritura social, pero no tenemos necesidad de resolver si existe o nó el error alegado porque el testigo Aurelio de Mari, gestor de la demandada, a preguntas de su abogado contestó que había tenido relaciones comerciales con las dos sociedades cedentés, reconociendo así la existencia de ellas. *Lamas y Méndez* v. *Betancourt,* 16 D.P.R. 283.

[6] También se alega como error que una de las partidas de una de las cuentas, que era a sesenta días de plazo, no estaba vencida cuando se presentó la demanda. Así era, pero cuando se presentó la demanda enmendada ya había vencido el plazo y era exigible.

[7] Por último, dice el apelante que la sentencia es contraria a la prueba, pero como no se funda en la carencia de prueba sino en que no debieron ser admitidas ciertas clases de prueba, que son las consideradas en los motivos anteriores y resueltos en su contra, no tenemos que dar más consideración a este alegado error.

[8] El interventor alega para sostener su apelación que la corte sentenciadora cometió error al declarar sin lugar su demanda fundándose en que la prueba era insuficiente para sostenerla.

Dejando a un lado cualquiera otra cuestión que pudiera surgir en cuanto a la reclamación del interventor, diremos que de la evidencia de los dos testigos que fueron presen-

tados, o sea el interventor y el gestor de la sociedad deman-
dada resulta que el propio interventor no sabe la cantidad
que le debe la sociedad apelada pues aunque tenía un sueldo
fijo no lo recibía mensualmente sino que tomaba a cuenta
de él lo que necesitaba y sólo sabe el saldo que tenía a su
favor porque se lo dijo el gestor de la casa donde estaba
empleado; y ese gestor se limitó a decir en el juicio una
cantidad como saldo a favor del interventor pero sin po-
der decir cómo resultaba tal saldo pues no sabía el importe
de los sueldos devengados ni el de las cantidades tomadas
a cuenta de él, por lo que la corte inferior estuvo justifi-
cada en estimar que esa evidencia es insuficiente para soste-
ner su reclamación.

*Por los motivos expuestos la sentencia apelada debe ser
confirmada en todos sus extremos.*