SCHLÜTER & CO. SUCR., demandante y apelada, *v.* RAFAEL HERNÁNDEZ, JOSÉ R. HERNÁNDEZ Y RAMÓN GONZÁLEZ, demandados y apelantes.

No. 3937.—*Visto:* Noviembre 17, 1926.  *Resuelto:* Diciembre 13, 1926.

1. LETRAS Y PAGARÉS *(Bills and Notes)*—INTERPRETACIÓN Y ''OPERATION''—ESTIPULACIONES O CONVENIOS.—Una cláusula en un pagaré al efecto de que, en caso de mora, los deudores se obligan y comprometen a otorgar hipoteca por el total del pagaré es un derecho u opción concedido al acreedor de exigir éste se afiance su crédito si llegado el vencimiento del plazo, no se hace el pago.

2. LETRAS Y PAGARÉS *(Bills and Notes)* — ACCIONES — EXCEPCIONES PREVIAS— FALTA DE CAUSA DE ACCIÓN.—Contrademanda entablada a nombre de una mercantil en la que se alega que ésta está integrada por sólo una persona que se expresa, no procede la excepción previa de falta de causa de acción.

3. NOMBRES—NOMBRES CONVENCIONALES—NEGOCIOS BAJO UN NOMBRE CONVENCIONAL—ACCIÓN EJERCITADA BAJO DICHO NOMBRE.—Cuando una persona—socio de una mercantil—pasa a ser la única interesada en el negocio y en la continuación de éste se conserva el nombre de la mercantil que existió anteriormente sólo como un nombre comercial descriptivo de su establecimiento,

una demanda entablada bajo dicho nombre convencional equivale a decir que el verdadero demandante es la persona mencionada.

4  SOCIEDADES—LA RELACIÓN—CREACIÓN Y REQUISITOS—EXISTENCIA DE LA SOCIE-DAD—IMPEDIMENTO *(Estoppel)* PARA ALEGARLA O NEGARLA.—Los que contra-tan con uno que, dedicado a negocios, hace operaciones bajo un nombre que solamente representa un nombre comercial (*trade name*) descriptivo de su establecimiento comercial como si se tratase de su nombre individual para designar su propia personalidad, están impedidos, en acción derivada del con-trato, de poner en tela de juicio la significación de dicho nombre como equi-valente de tal personalidad.

SENTENCIA de *Miguel A. Muñoz,* J. (San Juan), declarando con lu-gar la demanda, con costas. *Modificada y confirmada.*

*González Fagundo & González, Jr.,* abogados de los apelantes; *An-tonio L. López,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

En la demanda de este caso se alega que la demandante es una mercantil domiciliada en San Juan, integrada única-mente por Ernesto Fernando Schlüter, y que los demanda-dos Ramón González, Rafael Hernández y José R. Hernán-dez suscribieron solidariamente a la orden de Schlüter & Co. Sucesor, un pagaré por $1,102.89 que venció el 15 de septiembre de 1924. El pagaré se copia en la demanda y al final del mismo se consigna lo siguiente:

"En caso de demora, nos comprometemos y obligamos a otorgar primera hipoteca a favor de Schlüter & Co. Sucr., sobre dicha finca, por el montante total de este pagaré que desde su vencimiento de-vengará el interés mensual del uno por ciento. . . . ."

[1] Todos los demandados se apoyan en ese párrafo del pagaré para sostener que la obligación no es exigible mien-tras ellos están dispuestos a otorgar hipoteca, de acuerdo con el convenio garantizando la obligación principal. La cláusula, sin embargo, no tiene otro alcance que un derecho u opción que se concede por los deudores al acreedor, de éste exigir que se afianzara su crédito si el plazo fijado lle-gase y ellos no hicieran el pago.

El apelante José R. Hernández sostiene además que es-tando integrada la sociedad mercantil, como se alega en la

demanda, por Ernesto Fernando Schlüter, no existe tal sociedad, debiendo entonces establecerse hechos que determinen cómo pasó ese documento a ser de la propiedad del último.

[2] La demanda realmente es defectuosa. Parece alegarse que Schlüter & Co. Sucesor es una mercantil, pero se expresa en seguida que está integrada únicamente por Ernesto Fernando Schlüter y desde luego que no hay tal sociedad mercantil. Sin embargo, la excepción que se hizo a la demanda por ese fundamento alegándose que carecía de causa de acción, no era la procedente. Las excepciones que hubieran cabido eran la de falta de capacidad legal en el demandante para demandar o la ambigüedad de los términos de la demanda, pero estas excepciones no se presentaron en la corte inferior y como no son privilegiadas las hemos de considerar por abandonadas. Resulta además que estos defectos de la demanda fueron subsanados por la evidencia que se practicó en el juicio. La prueba documental fué admitida sin objeción y demuestra que existía anteriormente la sociedad de Schlüter & Co., S. en C., y por compra que hizo Ernesto Fernando Schlüter al socio comanditario de todos sus derechos y acciones en la sociedad, no habiendo otros socios, el primero quedó dueño único de todo lo concerniente a dicha mercantil.

[3] Como consecuencia de esta negociación Ernesto Fernando Schlüter inscribió en el Registro Mercantil su nombre personal como comerciante bajo el nombre de Schlüter & Co. Sucesor. No podemos prescindir de la duda que surge en cuanto a la legalidad de la forma en que aparece hecha tal inscripción. No se puede considerar el nombre de Schlüter & Co. Sucesor como una razón social o con efectos legales como entidad jurídica, pero como cuestión de hecho dicho nombre solamente representa un nombre comercial (*trade name*) descriptivo del establecimiento comercial de Ernesto Fernando Schlüter, como si se tratase de su nombre individual para designar su propia personalidad en

relación con la reputación del negocio a que se dedica en sus operaciones con el público, y en este sentido su significación, bajo las circunstancias de este pleito, equivale a decir que el verdadero reclamante es la persona de Ernesto Fernando Schlüter, dueño único de la obligación. Véase 30 Cyc. 402.

[4] De cualquier modo resulta además que los demandados están impedidos de poner en tela de juicio la significación del nombre de Schlüter & Co. Sucesor como equivalente de la persona de Ernesto Fernando Schlüter, siendo aplicable, por igual razón justa y lógica, la doctrina del caso de *Houston Packing Co.* v. *Pagán López & Co.,* 20 D.P.R. 252, resolviendo que quien contrata con una corporación está impedido de negar su existencia en una acción derivada del contrato.

*La sentencia apelada, sin embargo, debé modificarse en* el sentido de que el pago de la obligación suscrita a nombre de Schlüter & Co. Sucesor debe hacerse a la persona de Ernesto Fernando Schlüter como dueño de la misma.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.