B. FERNÁNDEZ HNOS., SUCRS., demandante y apelada, *v.* PEDRO ORTEGA, demandado y apelante.

Núm. 7169.—*Sometido:* Febrero 19, 1937. *Resuelto:* Abril 30, 1937.

*V. Polanco de Jesús,* abogado del apelante; *Monserrat & Monserrat,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Esta es una acción sobre una cuenta liquidada.

██ El primer señalamiento es que la corte de distrito cometió error al declarar sin lugar la objeción del demandado al testimonio relativo a la existencia de la demandante como entidad legal y a su capacidad para demandar. El cuarto señalamiento es que la corte de distrito erró al permitir que un testigo declarara sobre la existencia de una sociedad mercantil, en violación del artículo 119 del Código

de Comercio vigente para la época del juicio. El artículo 119 figura como el 98 de la edición de 1932. Dispone:

"Toda compañía de comercio, antes de dar principio a sus operaciones, deberá hacer constar su constitución, pactos y condiciones, en escritura pública que se presentará para su inscripción en el registro mercantil, conforme a lo dispuesto en el artículo 11.

"   .    .    .    .    .    .    ."

Estos señalamientos también atacan la suficiencia de la prueba relativa a la existencia de la demandante como entidad legal.

La demandante alegó en su demanda jurada que era una sociedad mercantil constituída de conformidad con el Código de Comercio. El demandado negó esto "por falta de suficiente información y creencia", pero admitió la existencia de una cuenta corriente y alegó que la demandante se había negado a acreditarle $277.20 suma que el demandado sostenía debía habérsele abonado en cuenta. A este respecto el demandado especifica ciertos artículos suministrados por la demandante y ciertos "efectos y valores" que el demandado había entregado "a la demandante y a sus socios gestores". Nos inclinamos a convenir con el letrado de la apelada en que la contestación, en su totalidad, no suscitó controversia alguna en torno a la capacidad de la demandante para demandar. Véanse: 49 Corpus Juris 122, sec. 121; 49 Id. 788, sec. 1163; 47 Id. 990, sec. 534; 21 Id. 1064, sec. 23; 21 Id. 1237, sec. 243. De todos modos la prueba de la demandante que fué la única ofrecida durante el juicio, estableció el hecho de que el demandado había contratado con ella como una sociedad mercantil y estaba por tanto impedido de negar la existencia de la demandante como tal sociedad. Véanse: *Lamas y Méndez* v. *Betancourt,* 16 D.P.R. 280; *Houston Packing Co.* v. *Pagán López & Co.,* 20 D.P.R. 249; *Schlüter & Co. Sucrs.* v. *Hernández,* 36 D.P.R. 64; *Rodríguez & Cía.* v. *Hijos de Mari,* 35 D.P.R. 559; *Sucrs. de Canals Hnos.* v. *Sucn. Quiñones,* 46 D.P.R. 529; *Yancy* v. *Morton,* 94 Cal. 558, 560; *Lucas* v. *Gobbi,* 10 Cal. A. 648, 103 Pac. 157.

Si la corte de distrito erró según se alega en los señalamientos primero y cuarto, el error no fué perjudicial.

El segundo señalamiento se dirige a la apreciación de la prueba. Carece igualmente de méritos.

■■ El tercer señalamiento es que la corte de distrito. cometió error al declarar sin lugar la moción del demandado para anular un embargo. El único fundamento de esta moción fué que los bienes embargados pertenecían privativamente a la esposa del demandado. Quizás bastaría decir que el demandado no tomó excepción a la orden que desestimó su moción. Una lectura de la opinión emitida en el caso de *Truyol* v. *Vázquez,* 46 D.P.R. 738, en que descansa el apelante, bastará para distinguir ese caso del presente. La regla general, tal cual ha sido establecida en 6 Corpus Juris, 430, sec. 999, es así:

"Como el demandado en un embargo de ordinario no puede ser perjudicado por la incautación de bienes que no le pertenecen, las cortes por lo general han considerado que el hecho de que el demandado en un embargo no tenga interés en los bienes embargados, es insuficiente para justificar la anulación del embargo."

Véase también: *Pillot* v. *Domínguez,* 24 D.P.R. 642.
*Debe confirmarse la sentencia apelada.*