MEUNIER FRERES, DEMANDANTE Y APELADA, *v.* AMILL, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 1562.—Resuelto en julio 28, 1917.

COBRO DE PESOS — ALEGACIONES ESENCIALES — RECONOCIMIENTO DE DEUDA. — De acuerdo con el artículo 122 del Código de Enjuiciamiento Civil según el cual al considerar una alegación para determinar sus efectos debe interpretarse con liberalidad a fin de asegurar absoluta justicia entre las partes, habiéndose alegado en la demanda de este recurso la venta de ciertas mercancías al demandado y que éste reconoció por ese motivo deber determinada cantidad cuyo pago haría mediante letras de cambio y en los plazos y cantidades en las mismas expresadas, no son improcedentes y redundantes las alegaciones restantes cuya eliminación se solicita, pues son esenciales porque tienden a demostrar el reconocimiento posterior de esa deuda por el demandado y no meros actos de proposiciones de transacción.

CORPORACIONES EXTRANJERAS—CAPACIDAD PARA DEMANDAR—FALTA DE IMPUGNA-
CIÓN EN LA CONTESTACIÓN.—Cuando la parte demandante es una corporación
extranjera y no se alega en la demandada si ha cumplido o nó con los re-
quisitos de las leyes de Puerto Rico para poder hacer negocios en esta isla,
si la parte demandada desea impugnar su capacidad para demandar por
falta de cumplimiento de las leyes debe alegarlo expresamente como cues-
tión de hecho en su contestación y de no hacerlo así se considera renunciada
dicha defensa.   La cuestión no puede levantarse por excepción previa, si
la demanda no contiene ·alegación alguna sobre el particular.

ID.—CONSTITUCIÓN DE LA CORPORACIÓN—CERTIFICADO DEL ALCALDE—IMPEDIMENTO
DEL DEMANDO PARA NEGAR LA EXISTENCIA DE LA CORPORACIÓN.—Un certificado
del alcalde de la ciudad en que funciona una corporación extranjera es
prueba de la existencia de la misma, y una negación de este hecho por el
demandado no suscita la cuestión con respecto a su constitución; y si apa-
rece que el demandado ha tenido negocios con la demandante, queda impe-
dido de negar su existencia en una acción derivada del contrato.

COBRO DE PESOS—PAGO—ACEPTACIÓN DE DOCUMENTOS PARA EL PAGO—PRESCRIP-
CIÓN.—Un pago por mercancías vendidas no se entiende hecho hasta tanto
que verdaderamente se ha satisfecho la cantidad adeudada, y la aceptación
de letras de cambio u otros documentos para dicho pago no es el pago a
menos que resultare claro que las partes convinieron en sustituir la obliga-
ción primitiva por dichos documentos; por lo que si la acción no se dirige
al cobro de dichos documentos sino de la cantidad debida, es innecesario
considerar si prescribieron o si fué interrumpida su prescripción por actos
de reconocimiento de la deuda por el deudor.

APELACIÓN—SENTENCIA—FUNDAMENTOS ERRÓNEOS.—Los recursos de apelación se
dan contra las resoluciones y no contra los fundamentos de ellas, y por
tanto, si la resolución es justa puede prescindirse de los fundamentos erró-
neos que para la misma tuviera el juez sentenciador.

INTERESES—COBRO DE INTERESES—MANDATO ESPECIAL.—Para convenir y cobrar
intereses a favor de un mandante no se necesita poder especial, por ser el
acto beneficioso al mandante.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Sabater.*

Abogados de la apelada: *Sres. Benet & Souffront.*

· EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

En 20 de febrero de 1914, la apelada Meunier Freres pre-
sentó demanda en la Corte de ·Distrito de Mayagüez contra el
apelante Antonio Amill Negroni en la que sustancialmente
alegó ser una compañía establecida en París, de acuerdo con
las leyes francesas: que Antonio Amill Negroni le compró en
diferentes fechas varias partidas de chocolate y que no ha-
biendo pagado de contado el precio verificaron un arreglo me-

diante el cual se obligó a pagarlas en seis letras de cambio expedidas por la demandante a su propia orden y aceptadas por el demandado por un valor de francos 3,034.85 céntimos, pagaderos en 31 de diciembre de 1904 y en los meses de marzo, abril, junio, agosto y septiembre de 1905; que no obstante la aceptación de esas letras no las pagó el demandado a su vencimiento y entonces convino en pagar intereses al tipo del diez por ciento anual por la demora en el pago, ofreciendo efectuar éste en distintas ocasiones sin que en ninguna cumpliera lo prometido; en la alegación quinta se consigna el importe de esos intereses desde el vencimiento de las respectivas letras hasta el 31 de diciembre de 1913 los que ascienden a 2,610 francos; en la siguiente alegó que en el mes de mayo de 1913 el demandado solicitó de los Sres. Charles Vero y Santos Filippi que actuaban por encargo de la demandante, que se le concediera para efectuar el pago tres plazos vencibles en 11 de octubre de 1913 e igual día de febrero y junio de 1914, correspondiendo a cada plazo una tercera parte de la deuda y solicitó también que los intereses le fueran reducidos al tipo del seis por ciento anual; en la alegación séptima y siguientes hasta la décima tercera, expuso la demandante que convino con el demandado en que le pagase de contado una tercera parte de la deuda y las otras a tres y seis meses plazo, pero no aceptó la reducción de los intereses; que desde junio de 1913 ha hecho inusitados esfuerzos por su abogado para que el demandado le pagase y en dicha fecha éste convino en satisfacer la deuda y sus intereses al tipo del diez por ciento anual, siempre que se le otorgaran los plazos solicitados; que entretuvo la reclamación y en enero de 1914 ofreció al demandante que tomaría dinero a préstamo con hipoteca para cubrir la deuda y los intereses reclamados; que días después le manifestó que no podía obtener ese dinero en hipoteca sin pagar intereses al dos por ciento mensual, ante cuya situación el abogado de la demandante obtuvo de ésta que se le concediera al deudor un plazo vencible en 31 de diciembre de 1914 siempre que garantizara la deuda y sus intereses al diez por ciento

anual con hipoteca de la casa que trataba de gravar a un tercero; que entonces alegó el demandado que los intereses eran muy altos, los que el demandante redujo al seis por ciento anual en cuanto al plazo sobre el capital de la deuda y los intereses devengados al diez por ciento anual hasta el día 31 de diciembre de 1913, siempre que constituyera inmediatamente la hipoteca, pero entonces el demandado volviendo sobre lo convenido y aceptado por él respecto de los intereses, pidió que fuesen rebajados todos los intereses· del capital, y que una vez convencida la demandante de que el demandado trataba de demorar indefinidamente el pago hacía la reclamación judicial por los tres mil treinta y cuatro francos (3,034.85) ochenta y cinco céntimos del capital adeudado y dos mil seiscientos diez (2,610) de sus intereses hasta el día 31 de diciembre de 1913 que suman 5,644 francos 85 céntimos.

El demandado solicitó y le fué negado que se eliminaran las alegaciones séptima a la décima tercera: alegó como excepción previa la falta de capacidad legal en el demandante para demandar y que estaba prescrita la acción ejercitada en la demanda de acuerdo con el artículo 590 del Código de Comercio. Desestimadas esas excepciones contestó la demanda reproduciendo dichas excepciones y negando las alegaciones del demandante, excepto la expedición y aceptación de las letras y el no haberlas pagado.

La sentencia recaída en el juicio condénó al demandado a pagar los cinco mil seiscientos cuarenta y cuatro francos y ochenta y cinco céntimos reclamados y sus intereses al seis por ciento anual desde el primero de enero de 1914 con más las costas, gastos, desembolsos y honorarios de abogado contra la cual interpuso Amill el presente recurso de apelación.

El primer motivo alegado por el apelante en apoyo de su recurso es que la corte inferior erró al negarse a eliminar las alegaciones séptima a la décima tercera de la demanda porque son impertinentes y redundantes y con ellas se trataba de demostrar una relación de transacción o proposiciones que no debían ser alegadas ni traídas a juicio.

Según el artículo 122 del Código de Enjuiciamiento Civil, al considerar una alegación para determinar sus efectos deberá interpretarse con liberalidad, a fin de asegurar absoluta justicia entre las partes; y de acuerdo con este precepto, habiendo alegado la demanda la venta de ciertas mercancías al demandado y que éste reconoció por ese motivo deber determinada cantidad cuyo pago haría mediante letras de cambio y en los plazos y cantidades en las mismas expresadas, entendemos que las alegaciones restantes cuya eliminación solicitó el demandado eran esenciales porque tendían a demostrar el reconocimiento posterior de esa deuda por el demandado y no meros actos de proposiciones de transacción.

El segundo error que alega es porque la corte inferior admitió que la demandante tiene capacidad para demandar.

La primera alegación de la demanda es que Meunier Freres es una compañía establecida en París, de acuerdo con las leyes francesas. El apelante adujo en la corte inferior como excepción previa, reproduciéndola en su contestación, que de acuerdo con el inciso segundo del artículo 105 del Código de Enjuiciamiento Civil el demandante no tiene capacidad para demandar porque no especifica en la demanda que haya cumplido con las leyes de Puerto Rico sobre compañías extranjeras que tienen negocios en este país; agregando en su alegato que debió expresar la demandante y probar en el juicio que había cumplido con los artículos 37 al 42 de la Ley de Corporaciones Privadas para tener derecho a actuar en este país y comparecer ante los tribunales y oficinas del Gobierno.

Esta cuestión fué ya resuelta por nosotros en el caso de *Houston Packing Co.,* v. *Pagán López y Compañía,* 20 D. P. R. 249, en el que declaramos que cuando la parte demandante es una corporación extranjera y no se alega en la demanda si ha cumplido o no con los requisitos de las Leyes de Puerto Rico para poder hacer negocios en esta isla, si la parte demandada desea impugnar la capacidad de la corporación para demandar por falta del cumplimiento de las leyes, debe alegarlo expresamente como cuestión de hecho en su contestación y de

no hacerlo así se considerará renunciada dicha defensa. Como dijimos entonces, y reproducimos ahora, la demanda no contiene alegación alguna de la que aparezca que la demandante no ha cumplido con determinados requisitos que le impidan acudir a los tribunales de esta isla, por lo que no puede sostenerse que de ella aparezca que no tiene capacidad para demandar. El apelante en este caso no alegó en su contestación que la demandante haya dejado de cumplir tales requisitos, por todo lo que no es sostenible dicho motivo de error.

El siguiente se aduce porque la corte sentenciadora admitió la existencia de la sociedad demandante. El demandado negó en su contestación la alegación primera de la demanda que antes hemos mencionado y para probarla presentó el demandante en el juicio un documento expedido por el Alcalde de Levalloise Perret certificando que la corporación Meunier Freres ejerce la profesión de chocolatera en la comunidad y que existe aún en la ciudad ejerciendo esa industria y comercio. El documento fué admitido a pesar de la oposición del demandado basada en que es sólo una certificación de que dicha sociedad ejerce la profesión de chocolatera, y ahora alega que la prueba debió ser el certificado del Secretario de Puerto Rico creditivo de que estaba autorizada para hacer negocios en esta isla, y que un certificado como el presentado no es una carta constitutiva de incorporación.

La primera parte de la argumentación está resuelta por lo que hemos expresado al considerar el precedente motivo de error ya que era al demandado a quien correspondía alegar que la demandante no había cumplido con los requisitos exigidos por nuestras leyes para poder hacer negocios aquí y poder comparecer en los tribunales.

En cuanto a la otra parte de ella, dicho certificado prueba la existencia de la corporación demandante; pero, además, una negación de la existencia de una corporación no suscita la cuestión con respecto a su constitución, apareciendo también de los autos que el demandado ha tenido negocios con la demandante por lo que está impedido de negar su existencia

en una acción derivada del contrato. *Houston Packing Co.* v. *Pagán López & Co., supra.*

El cuarto error que se atribuye a la corte inferior es el de haber declarado que se había interrumpido la prescripción de la acción interpuesta por la demanda en virtud de la proposición de arreglos llevados a cabo por el demandado con el abogado de la parte contraria. Entendemos que la demanda no tiene por objeto el cobro de las letras de cambio a que hace referencia, que la alegación correspondiente a esos documentos se hizo, como hemos dicho antes, para demostrar la existencia y la exactitud y reconocimiento de la cantidad adeudada, y que lo que se persigue por ella es cobrar la cantidad objeto de la venta de las mercancías.

Un pago no se entiende hecho hasta que verdaderamente se ha satisfecho la cantidad adeudada y la aceptación de letras u otros documentos para dicho pago no es el pago a menos que resultara claro que las partes convinieron en sustituir la obligación primitiva por dichos documentos, lo que no resulta en este caso, por lo que es innecesario considerar si las letras de cambio en este caso prescribieron o si fué interrumpida su prescripción por actos de reconocimiento de la deuda por el deudor, porque según entendemos el caso, y como hemos dicho, la acción no se dirige al cobro de dichas letras sino de la cantidad debida por mercancías que se vendieron al demandado.

En el juicio se probó que el demandado por virtud de aceptación de las letras expresadas reconoció que debía 3,034.85 francos por la compra de chocolates y también que después de no haberlas pagado aceptó deber intereses al diez por ciento anual contados desde los respectivos vencimientos de las letras que había aceptado. Las cartas del demandado y del abogado del demandante presentadas en el juicio demuestran que en este particular nunca hubo discusión entre las partes, que el demandado aceptaba la existencia de la deuda y de dichos intereses, que cuando se trató en el año 1913 de que hiciera efectivas dichas deudas empezó a solicitar plazos para

el pago y que cuando al fin los plazos se le concedieron y se aceptó que garantizara la deuda con hipoteca sobre una finca de su propiedad fué que empezó a poner reparos a los intereses del diez por ciento y a solicitar que éstos se rebajaran. Es más, el abogado del demandante, amigo del demandado, en su deseo de solucionar la cuestión para éste, consintió en cederle lo que por honorarios le correspondía a fin de disminuir así la deuda, pero el demandado prorrogando el asunto con pretextos hizo que en definitiva tuviera la demandante que presentar su acción contra él.

La verdadera cuestión en el pleito no era el cobro de las letras de cambio sino el pago de las mercancías vendidas y por tanto como los recursos de apelación se dan contra las resoluciones y nó contra los fundamentos de ellas, si la resolución en este caso es justa, podemos prescindir de los fundamentos que para la misma tuviera el juez sentenciador y por tanto de si cometió o nó error al estimar interrumpida la acción sobre las letras de cambio.

El último error alegado es por haber condenado la corte al pago de la cantidad total reclamada y de sus intereses.

Este motivo de error es en cierto modo una repetición del anterior porque se funda en que la acción estaba prescrita y en que la prueba no demostró que el demandado se obligó a pagar dicha cantidad después de haber transcurrido el término de prescripción de las letras de cambio; y en cuanto a los intereses porque no se convinieron nunca y en que el agente de la demandante no tenía poder para cobrarlos.

Como hemos declarado que la acción ejercitada en este pleito no era en cobro de las letras de cambio no tenemos que considerar si estaban o nó prescritas; y en cuanto a la prueba, ésta demostró, como hemos dicho, que en el año 1913 el demandado convenía en pagarla con sus intereses al diez por ciento anual.

En cuanto a la facultad del Señor Vere para cobrar intereses para sus representados, no solamente el poder que se presentó era para que hiciera todo lo que creyere necesario a

los intereses de la demandante que comprende necesariamente todo aquello que es ventajoso para el poderdante como el cobro de los intereses, sino que para convenir y cobrar intereses a favor de un mandante no se necesita poder especial por ser el acto beneficioso al mandante.

Por las razones expuestas la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison, habiendo firmado este último "conforme con la sentencia."