West India Oil Co., demandante y apelada, *v.* J. Diego Tormos y Luis A. Teissonniere, Haciendo negocios bajo el nombre de Tormos y Teissonniere, demandados y apelantes.

No. 4114.—*Visto:* Marzo 16, 1927. *Resuelto:* Abril 28, 1927.

1. Alegaciones—Alegación *(Plea)* o Contestación, Contra-demanda y Affidavit de Defensa—''Traverses'' o Negativas y Admisiones—Negativas Generales.—Una negativa general bajo el código levanta una controversia en cuanto a cada una de las alegaciones materiales del demandante.

2. Corporaciones—Existencia Corporativa y ''Franchise''—Impedimento para Negar su Existencia Corporativa—Personas que Contratan con la Corporación.—Una parte que contrata con una corporación no ya una vez sino realizando una serie de transacciones que dan por resultado una deuda cuyo saldo se reclama en el pleito, está impedida de negar la existencia de dicha corporación.

3. Alegaciones—Alegación *(Plea)* o Contestación, Contra-demanda y Affidavit de Defensa—''Traverses'' o Negativas y Admisiones—Admisiones en las Alegaciones en General—Efecto—Aceptación de la Personalidad con que Uno es Demandado.—Cuando los demandados aceptan la personalidad con que son demandados, liberan al demandante de la obligación de probarla en juicio.

Sentencia de *Angel Acosta,* J. (Ponce), declarando con lugar demanda sobre cobro de dinero, con costas. *Confirmada.*

*López de Tord & Zayas Pizarro,* abogados de los apelantes; la parte apelada no compareció.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La West India Oil Co., una corporación autorizada para hacer negocios en Puerto Rico, demandó a J. Tormos Diego y Luis A. Teissonniere haciendo negocios bajo el nombre de ''Tormos y Teissonniere,'' en cobro de $2,011.80, procedentes de gasolina, gas, aceite y otros efectos vendidos por la demandante a los demandados.

Los demandados Tormos y Teissonniere el 17 de marzo de 1925 comparecieron por su abogado F. Manuel Toro y alegaron por vía de excepción previa que la demanda no aducía hechos suficientes para determinar una causa de acción. Luego aparece un escrito firmado por los abogados López de Tord y Zayas Pizarro suplicando que se les tenga como abogados de récord del demandado Teissonniere.

Señalado el 4 de mayo de 1925 para la vista de la excepción previa, fué ésta declarada sin lugar el 7 del propio mes y año, notificándose la resolución a los abogados López de Tord y Zayas Pizarro y F. Manuel Toro.

El 18 de mayo contestó la demanda el demandado Teissonniere, ''como socio de Tormos y Teissonniere,'' por medio de sus abogados López de Tord y Zayas Pizarro, interponiendo

una negativa general a todos y cada uno de los hechos de la demanda.

Aparece seguidamente copiada en la transcripción una moción que dice:

"Comparece ante la Hon. Corte, la parte demandada, representada actualmente por su gestor J. Tormos Diego, y respetuosamente solicita se dicte sentencia a favor de la demandante, por ser cierta la cantidad que se reclama en la demanda."

"Ponce, P. R., marzo 30 de 1926.

(f.)     J. Tormos Diego,<br>Gestor."

El 14 de mayo de 1926 se celebró el juicio declarando por la demandante los testigos Oscar Rocafort y Francisco Montaner, Jr.   La corte dictó sentencia en contra de los demandados el 2 de agosto de 1926.

El 30 de agosto "la demandada en este caso Tormos y Teissonniere por su socio Luis Antonio Teissonniere" apeló de la sentencia, señalando luego en su alegato la comisión de cinco errores:   La parte demandante y apelada no presentó alegato, ni compareció a la vista del recurso.

En su primer error se refiere la apelante a una moción de *non suit* que no consta de los autos que fuera presentada a menos que se tome como tal las manifestaciones del abogado del demandado solicitando que se declarara sin lugar la demanda por no haberse probado la personalidad de la demandante ni la de la demandada, después de haber expresado: "Nosotros no tenemos prueba."   La misma cuestión de la falta de prueba de la personalidad de las partes, se levanta por el segundo error.

[1] Estamos conformes con la parte apelante en que es una regla bien establecida que "una negativa general pone en controversia cada hecho incluído en las alegaciones de la petición que el demandante está obligado a probar para recobrar, (21 R.C.L. 566), o como dice 31 Cyc. 195, "una negativa

general bajo el Código levanta una controversia en cuanto a cada una de las alegaciones materiales del demandante,'' pero no lo estamos en que se haya dejado de probar aquí la personalidad de las partes.

[2] En el acto del juicio Oscar Rocafort declaró que era el *''manager* de la West India Oil Co., en Ponce,'' y que la ''firma Tormos y Teissonniere, o ellos individualmente, tenía negocios comerciales con la West India Oil Co.,'' que ''cogían para la venta gasolina, aceite, o sea petróleo y todos sus productos,'' que ''ellos (los demandados) mensualmente reciben un *statement;* en ese *statement* ellos tienen que decir si han recibido la mercancía que figura en la relación y ellos siempre estuvieron de entera conformidad,'' que habló personalmente con Teissonniere y con Tormos en relación con el asunto y que ellos le dijeron ''hombre, que ellos nos deben esa cantidad y que deseaban pagárnosla.'' En parecidos términos se expresó el otro testigo Francisco Montaner, Jr., empleado de la West India Oil Co.

Las declaraciones de ambos testigos fueron plenamente creídas por la corte. No fueron impugnadas por la parte demandada. Y ellas demuestran que dicha parte está impedida de negar la existencia de la demandante desde el momento que con ella contrató no ya una vez sino realizando una serie de transacciones que dieron por resultado final la deuda cuyo saldo se reclama en este pleito.

[3] En cuanto a la personalidad con que fueron demandados Tormos y Teissonniere, ellos mismos la aceptaron expresamente en los diferentes documentos a que hemos hecho referencia, y, por tanto, liberaron a la demandante de la obligación de probarla en el juicio.

El tercer error se funda en que la corte dió valor probatorio a la declaración de Rocafort no obstante aparecer de la misma que no tenía conocimiento directo de los hechos a que se refirió.

Si bien Rocafort declaró que los efectos fueron comprados cuando él no estaba desempeñando el cargo de *"manager"*, de la oficina de la demandante en Ponce es lo cierto que declaró también sin objeción que "estos señores," los demandados, "llevaron cuenta abierta por mí antes de yo marcharme . . y mi sucesor actuaba con los mismos poderes que yo," y que sus manifestaciones estaban basadas en los libros de la demandante.

El cuarto error que se imputa a la corte sentenciadora es el de haber dado también crédito a la declaración del otro testigo Montaner cuando él no intervino en la transacción.

Su declaración demuestra todo lo contrario. Bastará transcribir los siguientes extremos de la misma: "Pues ellos, los demandados, tomaron petróleo y sus productos, esto es, gasolina, aceite y grasas lubricantes para detallar en su garage en la calle del Comercio. . . . En esa época estábamos el Sr. Davis y yo personalmente" al frente de la oficina de la demandante.

El quinto y último error se formula así:

"La Corte de Distrito de Ponce, cometió error al declarar con lugar la demanda no obstante no haberse probado por la parte demandante la venta y la entrega de la mercancía que dió origen a la referida deuda, siendo la sentencia dictada en este caso contraria a la prueba y a la ley."

La prueba aportada en el juicio fué en verdad la menos que puede presentarse en un caso de esta naturaleza seguramente debido a la confianza que la demandante tenía en su caso desde el allanamiento de uno de los socios, pero habiendo dado como dió la corte entero crédito a las declaraciones de los dos testigos de la demandante y no habiendo el demandado Teissonniere impugnado dichas declaraciones, no puede sostenerse que la sentencia dictada sea contraria a la prueba y a la ley.

Debe declararse sin lugar el recurso y *confirmarse la sentencia apelada.*