HAMBURGUER BROS. Co., INC., demandante y apelada, *v.* JULIO GANDÍA Y CANTALICIO RÍOS, demandados y apelante el primero.

No. 4981.—*Sometido:* Febrero 11, 1930. *Resuelto:* Abril 24, 1930.

*José E. Díaz*, abogado del apelante Gandía; *V. Polanco de Jesús,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La demandante presentó demanda ante una corte municipal solicitando la entrega de cierta cantidad de tabaco, o, en su defecto, del valor del mismo. La reclamación de la demandante respecto a su derecho de posesión se basaba en un contrato de refacción agrícola celebrado entre ella y Cantalicio Ríos.

Ríos, como arrendatario de Gandía, debía percibir las dos terceras partes del tabaco cosechado por él en quince cuerdas de terreno. La tercera parte restante de la cosecha debía ser entregada a Gandía en concepto de canon de arrendamiento. Los anticipos hechos de acuerdo con el contrato celebrado entre la demandante y Ríos estaban garantizados por un gravamen sobre sus dos terceras partes.

Una demanda enmendada que se radicó ante la corte municipal se titulaba "Hamburguer Bros. Co. Inc., demandante, v. Julio Gandía y Cantalicio Ríos, demandados." En ella la demandante alegaba que era "una compañía incorporada bajo las leyes del estado de Nueva York, inscrita en

la Secretaría Ejecutiva de Puerto Rico, con oficina en la ciudad de Vega Baja, Puerto Rico.''

Se solicitaba sentencia en contra ''del demandado''.

Una llamada sentencia de la corte municipal lleva el título de la demanda en lo referente al nombre y naturaleza corporativa de la demandante. Ese documento dice que ''el demandado'' no presentó prueba alguna. La parte dispositiva del mismo contiene una orden requiriendo al secretario para que registre sentencia de acuerdo con la súplica de la demanda.

Julio Gandía apeló para ante la corte de distrito.

Al comenzar el juicio *de novo* en la corte de distrito, la demandante solicitó permiso para enmendar la demanda en aquella parte referente a ''una compañía incorporada,'' etc., de suerte que leyera ''una sociedad mercantil''. A esto se allanó el letrado del demandado y la enmienda propuesta fué concedida. El contrato de refacción agrícola presentado como prueba posteriormente, tiende a ser un convenio celebrado por y entre Cantalicio Ríos y Emilio R. Arce como representante de ''la compañía Hamburguer Bros. & Co., incorporada bajo las leyes del estado de Nueva York, con oficina en la ciudad de Vega Baja, Puerto Rico, y haciendo negocios en esta Isla''.

Arce declaró que Julio Gandía dió a Cantalicio Ríos quince cuerdas de terreno para sembrarlas de tabaco y que Ríos acudió a la oficina del testigo en Vega Baja para solicitar refacción; que el testigo llamó por teléfono a Gandía y le explicó que Ríos deseaba sembrar quince cuerdas de tabaco y le preguntó a Gandía si el testigo podía anticipar el dinero y Gandía le contestó afirmativamente; que Gandía dijo que las dos terceras parte de la cosecha corresponderían a Ríos y el tercio restante a Gandía.

Al terminarse la práctica de la prueba de la demandante la parte demandada presentó una moción de *nonsuit* por falta de prueba que demostrara que la demandante fuera una corporación o una sociedad con capacidad legal para

demandar. En respuesta a esto el letrado de la demandante citó el caso de *West India Oil Co.* v. *Tormos,* 36 D.P.R. 646, y, después de alguna argumentación, pidió que se le permitiera poner nuevamente a Arce en la silla testifical. Esta súplica fué concedida con la objeción del demandado y Arce entonces declaró: Que antes de celebrarse el contrato con Ríos el testigo telefoneó a Gandía, manifestándole que Ríos había estado en la oficina del testigo en Vega Baja en solicitud de refacción para la siembra de tabaco en quince cuerdas de terreno cedídasle por Gandía para ese fin sobre la base de un tercio de la cosecha para Gandía en concepto de canon de arrendamiento y dos terceras partes para Ríos por su participación en la cosecha; que el testigo le explicó esto a Gandía y le preguntó si había riesgo alguno en celebrar el contrato, si era cierto que Gandía le había cedido las quince cuerdas a Ríos, y si el testigo podía contratar con él; que Gandía le contestó en la afirmativa y le manifestó que era muy posible que su participación fuera a parar al almacén; que Gandía autorizó al testigo para que efectuara el contrato; que el tabaco debía ser sembrado en terrenos pertenecientes a Julio Gandía; que Gandía debía recibir la tercera parte del tabaco cosechado y ''el resto era para nosotros''; y que el entendido fué que la tercera parte de la cosecha fuera respetada por pertenecer a Julio Gandía.

El examen de este testigo por el abogado de la demandante fué seguido por dos preguntas formuladas por el juez. Estas preguntas, con sus respectivas respuestas, fueron como sigue:

"P. Ud., en representación del demandante, convino con Julio Gandía en que una tercera parte de esa producción era para él? R. Sí, señor. P. Eso convino con Julio Gandía? R. Sí, señor."

El juez entonces manifestó que resolvería la moción de *nonsuit* después de considerar los méritos del caso.

Julio Gandía declaró que nunca había celebrado contrato

alguno con la Hamburguer Brothers Co.; que no sabía quién era Arce, ni conocía la compañía.

La corte de distrito dictó sentencia a favor de la demandante.

No es necesario que especulemos respecto a si una parte demandada que ha llevado a cabo transacciones con una compañía mercantil de Nueva York está impedida de negar la existencia de tal firma como una entidad separada e independiente con capacidad para demandar a nombre de la razón social, sin designar a los socios individuales como partes. Las declaraciones anteriormente reseñadas no revelan relación contractual alguna entre Julio Gandía y la demandante, ya fuera como sociedad o como corporación. La alegación relativa a la existencia legal de la demandante y a su capacidad para demandar fué negada por la contestación y no hubo prueba para sostener esa alegación.

*Debe revocarse la sentencia apelada y desestimarse la demanda.*