Colón Birriel, Juez Ponente
*1204 TEXTO COMPLETO DE LA SENTENCIA
I
La peticionaria, Abijoe Realty, Corp. ("Abijoe") interesa obtener la revocación de la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 26 de febrero de 1997, notificado copia de su archivo en autos el 3 de marzo de 1997. Mediante el referido dictamen, el foro de instancia declaró "Ha Lugar" la petición de sustitución de gravamen hipotecario que radicara la interventora-recurrida Corporación Liquidadora de Bienes, Inc. ("Liquidadora") en el caso de Jorge E. Martínez, Inc., demandante v. Abijoe Realty, Corp., demandada; Corporación Liquidadora de Bienes, Inc., Interventora, Civil Núm.: HCD81-0438 (107), Sobre: Ejecución de Hipoteca por la Vía Ordinaria. 
II
Mediante la escritura número 103, otorgada el 26 de octubre de 1972, ante el Notario Público José A. Gallart, Abijoe constituyó hipoteca voluntaria sobre un inmueble de su propiedad para garantizar el pago de un pagaré al portador por la suma de $100,000.00 de principal, sus intereses a razón de 8% anual, hasta su total pago y definitivo, más la suma de $10,000.00 fijada como suma líquida para costas, gastos y honorarios de abogados en caso de reclamación judicial, más un crédito de $10,000.00 adicionales para cubrir intereses no garantizados hipotecariamente de acuerdo con la ley, con vencimiento a la presentación. El inmueble hipotecado se describe como sigue:

"RUSTICA: Predio de terreno llano compuesto de ONCE CUERDAS CON QUINCE CENTESIMAS DE OTRA, equivalentes a CUATRO HECTAREAS, TREINTIOCHO AREAS, CINCUENTIDOS CENTIAREAS y CINCUENTIOCHO MILIAREAS, radicado en el barrio Río Abajo del Término Municipal de Humacao, en lindes por el Norte, con la carretera que de Humacao conduce a la Playa; por el Sur, con el Río de Humacao; por el Este, con los de Antonio Roig; y por el Oeste, con terrenos de los hermanos José Antonio y Julia María Guzmán Pérez.

Enclava en esta finca una casa vivienda, de construcción mixta, concreto y maderas, y techada de zinc, dos ranchones, almacenes de la misma construcción y un establo de vacas o pesebres y una casita de viviendas para peones, de concreto y maderas un tanque de inmersión de concreto y dos abrevaderos para ganado, también de concreto".

El gravamen hipotecario fue inscrito al folio 184, vuelto del tomo 201 del Registro de la Propiedad de Humacao.
El 10 de abril de 1981, Jorge E. Martínez, Inc. ("Martínez, Inc.") presentó una demanda en el extinto Tribunal Superior, Sala de Humacao contra Abijoe, solicitando la ejecución de la hipoteca porque ésta no le había honrado el pagaré que la garantizaba, del cual alegó ser tenedora de buena fe. 
El 25 de enero de 1982, Abijoe contestó la demanda, negando que Martínez, Inc., fuese tenedora de buena fe del pagaré, el que fue entregado por error y retenido indebidamente por el Sr. Jorge Martínez y que Martínez, Inc., no tenía capacidad jurídica para demandar y ser demandada, ya que su existencia legal había expirado el 5 de diciembre de 1973 -por haberlo establecido así la propia corporación en su certificado de incorporación- es decir, antes de haberse presentado la demanda *1205 sobre ejecución de hipoteca el 10 de abril de 1981. [3]
Posteriormente, el 9 de febrero de 1994, Liquidadora solicitó intervenir en el pleito de ejecución de hipoteca, alegando ser el titular del inmueble descrito anteriormente, por habérsele adjudicado en una subasta celebrada el 27 de enero de 1994, en un procedimiento presentado ante el extinto Tribunal Superior, Sala de San Juan, bajo el nombre de Banco Central y Economías v. La Provenzal, Inc. y otros, Civil Número 78-8041 (808). Alegó Liquidadora, que necesitaba sanear el título de su propiedad, para poder mercadearla de inmediato, por lo que solicitaba se liberara la hipoteca que pesaba sobre ésta.
Entre los gravámenes anteriores que afectaba la propiedad adquirida, se encontraba la hipoteca por la suma de $100,000.00, constituida mediante la escritura número 103, antes mencionada. Alegó Liquidadora que el Estado Libre Asociado de Puerto Rico había efectuado múltiples expropiaciones a la propiedad, el producto de las cuales quedó consignado en los casos número E77-671, 84-169; 86-463 y 86466, todos de la Sala de Expropiación del extinto Tribunal Superior de San Juan.
Mediante Resolución de 10 de diciembre de 1992, la referida Sala de Expropiaciones ordenó la transferencia de la suma de $140,666.62, provenientes de las expropiaciones mencionadas, para responder en su día del importe del pagaré en vías de ejecución. Esa suma, alegadamente, representaba la totalidad del importe del gravamen hipotecario que incluia principal, intereses y honorarios estipulados.
Habiendo adquirido Liquidadora título sobre la propiedad y estando consignado la totalidad del importe del gravamen hipotecario, ésta interesaba que se ordenara la sustitución del referido gravamen hipotecario por los fondos consignados, de manera tal que se pudiese cancelar dicho gravamen registralmente. El gravamen como tal sería trasladado a los fondos consignados pendiente en su día a las resultas del pleito. 
Así las cosas, la solicitud de intervención de Liquidadora fue objetada por Abijoe por varias razones; entre estas: (1) falta de jurisdicción, ya que la corporación Jorge E. Martínez, Inc., era inexistente legalmente; (2) el procedimiento de subasta mediante el cual Liquidadora adquirió la propiedad de Abijoe era radicalmente nulo y sin validez legal; y (3) porque la deuda producto de la cual se celebró la subasta y en la que Liquidadora adquirió por venta judicial la propiedad de Abijoe, había sido descargada en el Tribunal de Quiebras de E.U. y por lo cual el Tribunal Superior de San Juan no tenía jurisdicción para haberle adjudicado la propiedad a Liquidadora. 
Abijoe, solicitó además, sentencia sumaria, alegando que la controversia planteada era meramente una de derecho y no una cuestión de hechos; derecho que según Abijoe le favorecía. Liquidadora y Martínez, Inc., se opusieron a la pretensión de Abijoe, mediante la presentación de sendos memorandos de derecho. 
El Tribunal, mediante su Resolución de 20 de junio de 1995, [7] determinó, luego de un estudio minucioso de la petición de sentencia sumaria, los escritos en oposición y, en fin, de la totalidad de los autos del caso, concluyó que era improcedente en derecho resolver de forma sumaria la controversia, por existir en el caso hechos en controversia, que unido a la complejidad del asunto planteado impedían resolver por la vía solicitada. Añadió que la diversidad de las partes, los pleitos relacionados al pagaré hipotecario objeto de la presente causa de acción y a la propiedad inmueble que alegadamente lo garantiza, así como las interrogantes que no han sido establecidas con claridad, imposibilitaban el dictar sentencia sumaria. De esta forma, declaró No Ha Lugar la Moción de Sentencia Sumaria de la parte demandada Abijoe, y "Ha Lugar" la Moción de Intervención presentada por Liquidadora, por tener dicha parte un interés legítimo en la controversia planteada.
Así las cosas, Abijoe en varias ocasiones solicitó al foro de instancia el señalamiento urgente de vista evidenciaria: "Moción Urgente Reiterando Solicitud de Vista Evidenciaria y Sometiendo Duplica a Réplicas a Moción en Solicitud de Desestimación, etc.", presentada el 2 de diciembre de 1994, "Moción Urgente Reiterando Solicitud De Vista Evidenciaria y Solicitud de Remedios Inmediatos" del 20 de junio de 1995, y "Oposición de Abijoe a Nueva Moción Para Sustituir Gravámenes" del 29 de abril de 1996. No obstante, el tribunal recurrido no señaló la vista.
*1206 El 29 de enero de 1997, Liquidadora presentó "Nueva Solicitud Para Que Se Ordene Sustitución de Colateral". Su solicitud se fundamentaba en una Sentencia dictada el 25 de septiembre de 1996, por este foro y por este panel, en un Recurso de Revisión Administrativa presentada por Liquidadora contra una decisión emitida por la Junta de Planificación de Puerto Rico, en el caso Corporación Liquidadora de Bienes, Inc. v. Abijoe Realty, Corp., Junta de Planificación, Núm. KLAA-96-00027. En dicha Sentencia expresamos, en lo pertinente, lo siguiente:

"Por virtud de escritura sobre venta judicial le fue transferido a Corporación Liquidadora de Bienes, Inc. (Liquidadora) el título de una propiedad hasta ese momento perteneciente a Abijoe Realty Corp. (Abijoe). La adjudicación en subasta se efectuó en ejecución de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, en un pleito incoado por Liquidadora en contra de Abijoe. Lo anterior, para satisfacer en gravámen [sic] en rango de segunda que afectaba la propiedad. Dicha adjudicación fue la culminación de múltiples litigios presentados por Abijoe; entre ellos, la presentación de varios escritos ante el Tribunal de Primera Instancia, así como al Tribunal Superior en los cuales Abijoe solicitó la paralización de la subasta por alegados defectos en la redacción y publicidad del edicto correspondiente. Ambos foros denegaron la paralización de la subasta.

Simultáneo al proceso anterior, en la Sala Superior de Humacao, se ventilaba un pleito incoado por Jorge E. Martínez, Inc. v. Abijoe Realty, Corp. (HCD810439). En síntesis la demandante alegaba ser la tenedora del gravámen [sic] con rango de primera que afectaba la propiedad en controversia y solicitaba la ejecución del mismo. Liquidadora, como actual titular de Inmueble, solicitó intervenir en el caso, informó haber consignado el dinero para el pago del referido gravámen [sic] y solicitó la cancelación del mismo. Por su parte, Abijoe replicó oponiéndose a tal solicitud y alegó tener un mejor título sobre la propiedad. Basó su petitorio en los mismos alegados defectos en el procedimiento de subasta que ya habían sido resueltos por el Tribunal de Primera Instancia y por el Tribunal Supremo. Coetáneo con dicho pleito, Liquidadora, como actual dueña de la propiedad, presentó una consulta de ubicación ante la Junta de Planificación del Estado Libre Asociado de Puerto Rico. Abijoe intervino ante dicho foro nuevamente y mediante la presentación de un escrito titulado "Moción en Solicitud de Enmienda a Determinaciones de Hechos, de Reconsideración y para que se deje sin efecto Resolución del 27 de enero de 1995, Primera Extensión Consulta Número 94-51-0736 J.P.U.", solicitó suspender permanentemente todo trámite ulterior y el archivo de la consulta. Su alegación básicamente consistía en ser todavía la titular del inmueble por los mismos fundamentos expuestos con anterioridad. La Junta de Planificación, sin más, procedió a denegar la consulta de ubicación. Esta entendió que existía una controversia relacionada al título de dominio del inmueble y tal controversia debía ser dilucidada y resuelta por los foros correspondientes. Inconforme con la Resolución de la junta, el 5 de mayo de 1995 Liquidadora presentó "Solicitud de Apelación" ante el Tribunal Supremo. Este mediante resolución de 11 de agosto de 1995 resolvió que tal petición no cualificaba para ser atendida por ellos mediante el recurso de apelación y concedió a la apelante un término para que notificara cual [sic] Sala del Tribunal de Primera Instancia, si la de San Juan o la de Humacao, prefería para que se ventilara el asunto. Habiendo Liquidadora expresado su preferencia, el caso se trasladó a la Sala Superior de San Juan. Finalmente, el 19 de junio de 1996, y en cumplimiento del artículo 9.004 de la Ley Número 248 de 25 de diciembre de 1995, el recurso de revisión de epígrafe fue trasladado a este Tribunal. Posteriormente fue asignado administrativamente a éste [sic] Panel. Estando en posición de resolver, al igual que lo estaba el Tribunal de Primera Instancia, Sala de San Juan, desde el 24 de mayo de 1995, cuando se recibió la "Moción en Oposición a Solicitud de Apelación" presentada por Abijoe, resolvimos expedir el auto de revisión y revocar la Resolución de la Junta mediante la cual se archivó la consulta de ubicación presentada por Liquidadora."

Cabe señalar que en la mencionada Sentencia advertimos que en el presente caso ya el título de propiedad fue adjudicado y no existe controversia al respecto. No habremos de permitir que alegaciones no sustentadas derroten derechos adquiridos. Abijoe ha sometido a Liquidadora a múltiples procesos judiciales, tanto en el foro federal como el estatal. Sin embargo, en lo relativo al asunto ante nuestra consideración, no ha prevalecido. El título de Liquidadora es válido y suficiente".
Por su parte, Abijoe se opuso a la mencionada "Nueva Solicitud Para Que Se Ordene Sustitución de Colateral" presentada por Liquidadora, ya que alegadamente la referida Sentencia de este Tribunal *1207 no constituía cosa juzgada, por envolver un Recurso de Revisión Administrativa contra una decisión de la Junta de Planificación y que alegadamente estaba en proceso de ser cuestionada por Abijoe. Así las cosas y en virtud de esta nueva solicitud, el foro de instancia emitió sumariamente la Resolución, del 26 de febrero de 1997, ante nosotros recurrida.
Así las cosas, el 7 de marzo de 1997, emitimos una resolución, en el recurso Núm. KLAA-96-00027, declarando no ha lugar la Moción de Reconsideración presentada por la Junta de Planificación de Puerto Rico y expresamos al respecto:

"Nuestra sentencia del 25 de septiembre de 1996 se mantiene en todo su vigor. Una vez que una parte acude al foro apelativo con el interés de revisar la actuación de una agencia, ésta está impedida de corregir, enmendar o clarificar sus actuaciones, a no ser que el foro apelativo así lo requiera."

Igualmente, ese mismo día y en el mismo recurso, emitimos resolución señalando que Abijoe había presentado ante este Foro una Moción Para Desestimar por Falta de Jurisdicción y, al considerarla como una segunda moción de reconsideración, actuación que no está contemplada en nuestro Reglamento, no la consideramos. Advertimos, que ya el 17 de octubre de 1996 habíamos emitido una resolución declarando sin lugar la primera Moción de Reconsideración presentada por Abijoe. Así, también, Abijoe presentó recurso de certiorari ante el Tribunal Supremo, el cual fue declarado sin lugar, al igual que la subsiguiente reconsideración. Por último, en dicha resolución expresamos y nos reafirmamos en ello:

"Inconforme con las múltiples determinaciones adversas a su causa, continúa utilizando los procesos judiciales para impedir los efectos de nuestra sentencia del 25 de septiembre de 1996. Conminamos a Abijoe Realty, Corp. a que se atenga a lo resuelto."

Mediante la referida resolución del 26 de febrero de 1997, el foro de instancia expresó que "[n]o vemos razón alguna para que el inmueble en controversia continue [sic] gravado, cuando existe una cantidad de dinero consignada en el caso para que de prosperare [sic] su día la demanda de autos responda por el cumplimiento de la obligación". De esta manera, declaró ha lugar la solicitud de la interventora -Liquidadora- en solicitud para que se ordene sustitución colateral, de modo que la finca descrita en la demanda quedara liberada del gravamen hipotecario.
El 14 de marzo de 1997, emitimos otra resolución en el recurso KLAA-96-00027, expresando que "[a] la Moción de Reconsideración Solicitando se Ordene la Devolución del Mandato presentada por Abijoe Realty, Corp., refiérase a nuestras resoluciones del 7 de marzo de 1997".
La petición de certiorari (núm. CC-97-190) que Abijoe presentara ante el Tribunal Supremo, se declaró "no ha lugar", mediante resolución de 16 de mayo de 1997. Insistentemente, Abijoe pidió reconsideración, reconsideración que fue declarada "no ha lugar" por nuestro Tribunal Supremo el 30 de junio de 1997.
Inconforme, con la resolución que emitiera el foro de instancia el 26 de febrero de 1997, Abijoe recurre a este foro, imputándole a dicho foro dos (2) errores, que en síntesis se circunscriben a: (1) Concederle un remedio sumario a Liquidadora cuando la acción que originó el pleito fue radicada por una entidad sin existencia jurídica, es decir sin capacidad jurídica y por lo tanto el tribunal recurrido carecía de jurisdicción; (2) Concederle un remedio sumario a Liquidadora cuando de los propios autos se desprende que la venta judicial mediante la cual ésta adquirió la propiedad en controversia fue el resultado de un procedimiento nulo.
Así las cosas, notificados de la petición, Liquidadora, la dueña del inmueble objeto de la ejecución y Martínez, Inc., tenedora del pagaré hipotecario, solicitaron en mociones por separado, un término de treinta (30) días para contestar la petición presentada por Abijoe, poder leerla, así también el expediente en instancia, y examinar el voluminoso apéndice anejado al recurso que consta de 561 folios. Concedimos el término solicitado contado a partir de la presentación de sus respectivas solicitudes.
*1208 Martínez, Inc., solicitó una segunda prórroga, la que concedimos hasta el 25 de junio de 1997. Le instruimos a que se nos ilustrara en cuanto a lo alegado por Abijoe en su primer error relativo a la existencia legal y personalidad jurídica de Martínez, Inc.
Luego de la presentación de diversas mociones por las partes, el 18 de junio de 1997, Martínez, Inc., presentó su contestación a la petición. Por su parte, el 15 de agosto de 1997, Liquidadora presentó su oposición a la petición y solicitó su desestimación.
Posteriormente, Abijoe compareció solicitando que se eliminare y se diera por no radicada la oposición y solicitud de desestimación de la petición presentada por Liquidadora. Por su parte, Liquidadora presentó réplica al referido escrito, en el que discutió, entre otras cosas, lo relativo a la existencia del ente corporativo Martínez, Inc. Por otro lado, Abijoe contestó a la réplica de Liquidadora.
Con el beneficio de los escritos, pasemos a resolver. Veamos.
III
El primer señalamiento de error, se circunscribe a la alegada falta de capacidad jurídica de Martínez, Inc., para presentar su demanda en el foro de instancia. No le asiste la razón. Veamos.
La situación ante nosotros la recoge la figura jurídica de "La Corporación por Estoppel" (Actos Propios). Referente a este tipo de corporación, el comentarista puertorriqueño, Luis Mariano Negrón Portillo, en su obra Derecho Corporativo Puertorriqueño, de 1995, en la página 94, expresa:

"Si la ‘supuesta corporación’ demanda a un tercero, el tercero está impedido (‘estopped’) de negar que la demandante es una corporación, a los fines de argumentar que no tiene responsabilidad puesto que la demandante no existe. Es decir, que un tercero que firmó un contrato con la corporación y que ahora piensa que no le conviene, no puede alegar que el contrato es inexistente, porque se enteró que la corporación no existe."

Nos dice, además, el referido comentarista en la pág. 95 de su obra, que "El Tribunal Supremo de Puerto Rico ha resuelto, en varias ocasiones, que una persona que contrata con una corporación está impedida de negar la existencia de dicha corporación, en una acción derivada del contrato o transacción. Véase: West India Oil Co. v. Tormos, 36 D.P.R. 646 (1927); Meunier Freres v. Amil, 25 D.P.R. 792 y Houston Packing Co. v. Pagán, López & Co., 20 D.P.R. 249 (1914)". Otro de los principios fundamentales de la doctrina es que el acreedor o tercero debe haber hecho negocios, transacciones o acuerdos, con la entidad como corporación. Por eso, esta doctrina está limitada a casos que envuelven contratos.
Por su parte, el Art. 1205 de la anterior Ley de Corporaciones, 14 L.P.R.A. see. 2205, dispone sobre Defensas -Organización defectuosa de la operación, y en el inciso (a), dice que "[a] ninguna corporación organizada con arreglo a este subtítulo, o creada al amparo de las Leyes del Estado Libre Asociado, se le permitirá alegar o mantener como defensa en cualquier pleito contra la corporación, la falta de organización conforme a derecho; y a ninguna persona que haga negocios con la corporación, o a quien se demande por daños a la propiedad de ésta, se le permitirá que alegue como defensa tal falta de organización conforme a derecho".
Abijoe alega que Martínez, Inc., no tenía capacidad jurídica para demandar, ya que su existencia legal había expirado el 5 de diciembre de 1973. Sin embargo, el Sr. Abimael Hernández ("Hernández"), como presidente del Banco Cooperativo, le procesó a Martínez, Inc., un préstamo con dicho banco a fines de 1975. Este préstamo fue de $300,000.00, cuyo producto alegadamente lo utilizó Hernández para el uso de dos (2) de sus corporaciones. En garantía de esa cantidad fue que Hernández entregó a Jorge E. Martínez, como presidente de Martínez, Inc., el pagaré objeto de la ejecución de hipoteca. Asimismo, Hernández, en representación de Abijoe, en su primera quiebra, caso B-77-28, informó en la lista de sus acreedores a Martínez, Inc., a quien le adeudaba $100,000.00, reconociendo de esa forma la existencia de Martínez, Inc., como ente con capacidad jurídica. Sin embargo, lo que más nos llama la atención es lo conveniente que le resulta a Abijoe esta alegación de la falta de capacidad jurídica al momento que comienza el pleito judicial, no obstante no *1209 haber sido dicha capacidad un inconveniente al momento de contratar con Martínez, Inc.
Nos parece que a la luz de los hechos del presente caso, Abijoe está impedida por sus propios actos de negar la personalidad jurídica de Martínez, Inc. Cabe señalar, además, que Martínez, Inc., ha presentado ante nosotros certificación de que ha radicado y se han aceptado en la División de Corporaciones del Departamento de Estado los Informes anuales correspondientes a los años 1958-1990, lo que da margen a una renovación defacto de la existencia corporativa, si es que en algún momento expiró. Se acompañó, además, con el recurso Certificado de Existencia, expedido por el Departamento de Estado, de "Jorge E. Martínez, Inc." del 16 de marzo de 1981, firmada por Lourdes I. de Pierluisi. 
Concluimos, a base de lo expuesto, que Abijoe quien contrató con Martínez, Inc., ahora no puede incumplir sus obligaciones contraídas en el contrato alegando la inexistencia de capacidad jurídica de la primera. Por tanto, concluimos que habiendo contratado Abijoe con Martínez, Inc., la primera está impedida de negar la existencia de capacidad jurídica de la segunda en una acción derivada de ese contrato, como es el caso ante nosotros.
En cuanto al segundo señalamiento de error, tampoco tiene razón. Veamos.
Nuestro Tribunal Supremo, hizo una magnífica exposición de lo que trata la doctrina de cosa juzgada en Worldwide Food Distributors, Inc. v. Alberic Colón Bermúdez e Hilda Zambrana, _ D.P.R. _ (1993), 93 J.T.S. 114. Veamos.
La doctrina de cosa juzgada, con base estatutaria en el Art. 1204 del Código Civil, 31 L.P.R.A. see. 3343, tiene el efecto de evitar que en un pleito posterior se litiguen cuestiones que ya fueron o que pudieron haber sido litigadas y adjudicadas en un pleito anterior. Rodríguez Rodríguez v. Colberg Comas, _ D.P.R. _ (1992), 92 J.T.S. 102; Pagan Hernández v. U.P.R., 107 D.P.R. 720 (1978); Pereira v. Hernández, 83 D.P.R. 160 (1961); A & P Gen. Contractors v. Asocn. Caná, 110 D.P.R. 753 (1981). Se trata de una norma fundada en consideraciones de necesidad y de orden público, Pérez v. Bauzá, 83 D.P.R. 220, 225 (1961); Rodríguez Rodríguez v. Colberg Comas, supra; A & P Gen. Contractors v. Asocn. Cana, supra; con el fin de poner fin a los litigios luego de haber sido adjudicados en forma definitiva por los tribunales, y garantizar así la certidumbre y seguridad de los derechos declarados por resolución judicial, evitando gastos adicionales al Estado y a los litigantes. (Enfasis suplido).
Por cosa juzgada se entiende que lo ya resuelto por fallo firme de un juez o tribunal competente lleve en sí la firmeza de su irrevocalidad, indica el respeto debido a lo fallado y a la autoridad del que lo resolvió. Su fundamento no está en una pretensión de infalibilidad en el juzgador, ni menos en el intento de ocultar sus errores, sino en la esencia misma de la resolución judicial, que no merecería tal nombre, ni tendría fuerza y resultado, si no se fortaleciera de ese modo. Manresa, Comentarios al Código Civil Español, Tomo VIII, Vol. 2, Madrid, ed. 1967, págs. 278-279.
Por definición de "cosa juzgada" su aplicación requiere entre el pleito ya resuelto y el caso en que la doctrina se invoca, exista la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron. Art. 1204 del Código Civil 1930; 31 L.P.R.A. sec 3343; Lausell Marxuach v. Díaz de Yáñez, 103 D.P.R. 53: (1975); Rodríguez Rodríguez v. Colberg Comas, supra.
A los fines de aplicar la doctrina de cosa juzgada, la "identidad de las cosas" se refiere al objeto o materia sobre el cual se ejercita la acción.
A los fines de aplicar la doctrina de cosa juzgada y el requisito de identidad de causas, "causa" se refiere al motivo de pedir. No se refiere a la razón o motivo de un contrato, sino al fundamento capital el origen de las acciones, defensas planteadas y la diversidad de acciones no impide la estimación de la cosa juzgada cuando la razón y causa de pedir es la misma en una y otra y, por tanto, no es el nombre ni la naturaleza, declarativa o constitutiva, la que pueda impedir identidad de la causa pretendida, sino que en este respecto la decisión es si los hechos y fundamentos de las peticiones son los mismos en lo que afecta a la cuestión planteada.
*1210 A los fines de la aplicación de la doctrina de cosa juzgada, la "causa" equivale al fundamento o razón de pedir, siendo la acción mera modalidad procesal que es necesario ejercitar para que aquella tenga efectividad en juicio; que si son idénticas las cosas y causas, no obsta a la eficacia de la cosa juzgada que a la acción se le de distinto nombre, sin que desaparezca la identidad básica de la presunción porque el segundo juicio se haga un pedimento distinto no decidido en el primero.
Como ya hemos mencionado, ya desde nuestra sentencia del 25 de septiembre de 1996, en el recurso Núm. KLAA-96-00027, dijimos que "en el presente caso ya el título de propiedad fue adjudicado y no existe controversia al respecto. No habremos de permitir que alegaciones no sustentadas derroten derechos adquiridos. Abijoe ha sometido a Liquidadora a múltiples procesos judiciales, tanto en el foro judicial como en el estatal. Sin embargo, en lo relativo al asunto ante nuestra consideración, no ha prevalecido. El título de Liquidadora es válido y suficiente".
Asimismo, como ya hemos mencionado, en nuestra Resolución del 7 de marzo de 1997, en el mismo caso, advertimos que Abijoe continúa utilizando los procesos judiciales para impedir los efectos de nuestra sentencia del 25 de septiembre de 1996 y conminamos a Abijoe a que se atenga a lo resuelto.
No existe duda en cuanto a que el segundo error no se cometió. El procedimiento por el cual Liquidadora adquirió la propiedad en controversia ya ha sido juzgado y nos vemos impedidos de intervenir una y otra vez con el mismo asunto, las mismas causas y entre las mismas partes y en la misma calidad.
Conforme a lo antes expuesto, denegamos la expedición del certiorari solicitado por Abijoe. Por último, determinamos que el recurso presentado por ésta, es uno patentemente frívolo y la razón de su presentación fue dilatar los procedimientos, por lo que le imponemos una sanción económica de quinientos dólares ($500.00) para beneficio del Estado, sanción que será depositada en nuestra Secretaría, en sellos de rentas internas, dentro del término improrrogable de quince (15) días, a partir de la notificación de la presente resolución.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 113
1. Petición de Certiorari que consta de 561 folios, apéndices A-R.
2. Folios 517-518 del apéndice P de la petición.
3. Folio 516 del apéndice O de la petición.
4. Folios 519-521, apéndice Q de la petición.
5. "Moción en Solicitud de Desestimación y/o Sentencia Sumaria; Oposición a Solicitud de Entrega de Fondos; y a Solicitud de Intervención y Sustitución de Gravámenes; En Solicitud de Anulación de Procedimiento de Ejecución de Sentencia y Subasta Pública de 30 de junio de 1994, Folios 399-515, apéndice N."
6. Apéndice K, folios 175-184 y apéndice L, folios 185-184 de la petición.
7. Apéndice C, folios 7-9, Petición de Certiorari.
8. Apéndice M, folios 273-398, de la Petición de Certiorari.
9. Apéndice J, folios 139-175, de la Petición de Certiorari.
*1211 10. Folios 34-109A, de la Petición de Certiorari.
11. Apéndice E, folios 19-33, de la Petición de Certiorari.
12. Apéndice B, folio 3, de la petición de Certiorari.
13. Cheque No. 08132 de 1-14-76 a favor de Jorge E. Martínez, Inc., girado por el Banco Cooperativo de Puerto Rico, apéndice B, página 72 de la Contestación a Petición de Certiorari de Martínez, Inc.
14. Folios 57-58 del Apéndice de la "Contestación a la Petición de Certiorari".
15. Folios 10-11 del Apéndice de la "Contestación a Petición de Certiorari".
16. Folios 14-15 del Apéndice de "Contestación a Petición de Certiorari" de Martínez, Inc.